UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

VAL PALMER, an individual; and
COLEEN PALMER, an individual,

Plaintiffs,

v.

PAUL A CARRANZA, an individual;
ANDREW HEITZMAN, an individual;
and KYLIE WHITE, an individual,

Defendants.

No.  1:22cv00103-WBS

ORDER RE: PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

----oo0oo----

On July 12, 2023, plaintiffs moved for partial summary judgment.  (Docket No. 46.)  In their Opposition, defendants request that the court delay consideration of plaintiffs' motion until discovery is complete.  (Opp'n at 2 (Docket No. 48).) Defendants explain that they have not yet conducted depositions of plaintiffs.  (Id. at 1.)  These depositions were scheduled to commence on August 8, 2023.  Although the declaration is not specific as to what information defendants seek to elicit in

1

these depositions, it is sufficient to note that the depositions needed are of the plaintiffs, both of whom were present at the scene of the incident.

Federal Rule of Civil Procedure 56(d) provides that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Rule 56(d) "prevent[s] a party from being unfairly thrown out of court by a premature motion for summary judgment."  See Jackson v. Riebold, 815 F.3d 1114, 1121 (9th Cir. 2016) (quotation and citation omitted).  "A district court has wide discretion in ruling on a Rule 56(d) motion."  Id. (quotation and citation omitted).

Defendants are entitled to have the opportunity to pursue discovery, including deposing plaintiffs, before responding to a summary judgment motion.  Further, defendants also represent that they intend to move for summary judgment once they have had the opportunity to conduct further discovery. (Opp'n at 1-2.)  It is more efficient for the court to consider cross motions for summary judgment at the same time.  For the foregoing reasons, the court will deny plaintiffs' motion for partial summary judgment as premature, without prejudice, subject to the right to renew it uponthe completion of the necessary discovery,.

IT IS THEREFORE ORDERED that plaintiffs' motion for

2

partial summary judgment (Docket No. 46) be, and the same hereby is DENIED WITHOUT PREJUDICE.  Plaintiffs may refile their motion after defendants have had the opportunity to take discovery, including deposing plaintiffs.

Dated:  August 18, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3